UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIVE AUGUSTUS CREW,

    Movant,

vs.                                     Case No.:    3:18-cv-1400-J-39MCR
                                                                         3:16-cr-64-J-39MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Movant Clive Augustus Crew's "Motion to Reissue Judgment and Restore the Defendant's Right to Appeal," which, with Crew's consent, has been reconstrued as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Civ. Doc. 1 ("§ 2255 Motion").[1] Also before the Court is Crew's Motion for Leave to Amend, Civ. Doc. 4 ("Motion to Amend"). In the § 2255 Motion, Crew contends that trial counsel gave ineffective assistance by failing to consult him about an appeal. In the Motion to Amend, Crew seeks leave to add two claims: (1) that counsel was ineffective for failing to object to a 16-level enhancement under § 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines, and (2) that counsel was ineffective because he failed to urge the Court to consider a Guidelines amendment scheduled to become effective after the date of his sentencing hearing, which Crew argues would have yielded a lower total offense level. See Motion to Amend at 6-10; see also Civ. Doc. 3 ("Reply") at 8-9. The

---

[1]     Citations to the record in the underlying criminal case, United States vs. Clive Crew, No. 3:16-cr-64-J-39MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:18-cv-1400-J-39MCR, will be denoted as "Civ. Doc. __."

1

United States has responded to both motions. Civ. Doc. 2 ("Response to § 2255 Motion"); Civ. Doc. 6 ("Response to Motion to Amend"). Crew filed a reply. Civ. Doc. 3 ("Reply"). The matter is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action.[3] For the reasons set forth below, Crew's § 2255 Motion is due to be granted to the extent that he is entitled to an out-of-time appeal, for which the Court will appoint CJA counsel. The Motion to Amend is due to be denied without prejudice.

**I.    Background**

On May 12, 2016, a grand jury indicted Crew on one count of illegally reentering the country after having been deported for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Crim. Doc. 14 ("Indictment"). Crew was deported from the United States on or about April 5, 2004, after having been convicted for conspiracy to possess with intent to distribute marijuana in the case of United States vs. Clive Crew, No. 8:98-cr-191-T-26E (M.D. Fla.). See Indictment at 1; Crim. Doc. 30 at 4 ¶ 2 (Presentence Investigation Report; "PSR"). Crew pled guilty to the illegal reentry

---

[2]   Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion. Neither party has requested an evidentiary hearing.
[3]   Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

charge without a plea agreement. Crim. Doc. 23 (Minutes of Plea Colloquy). The Court sentenced Crew to a term of 48 months in prison. Crim. Doc. 33 (Judgment).

The Court entered judgment on October 27, 2016. Crew did not file a notice of appeal. As such, Crew's conviction and sentence became final 14 days later, or on November 10, 2016, when the time to file a notice of appeal expired. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Crew filed the "Motion to Reissue Judgment" (which has since been reconstrued as a § 2255 Motion) less than a year later.

## II.     The Law

There are two requirements a petitioner must satisfy to prevail on a claim of ineffective assistance of counsel: (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  The petitioner bears the burden of proof on both elements.  Richardson v. United States, 556 F. App'x 851, 853 (11th Cir. 2014) (citing Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001)).

When a defendant gives his lawyer express instructions to file a notice of appeal, the lawyer's failure to do so is unreasonable per se. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citations omitted). Prejudice is presumed and the defendant is entitled to an out-of-time appeal because counsel's inaction has deprived the defendant of a judicial proceeding entirely. Id.

In circumstances where a defendant neither expressly directs his attorney to file an appeal nor expressly directs his attorney not to appeal, the first question is whether counsel consulted the defendant about an appeal. Flores-Ortega, 528 U.S. at 478. The

3

term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. If counsel performs such a consultation, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

"If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. The Supreme Court identified two situations where an attorney has an obligation to consult the defendant about an appeal:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known…. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id. at 480 (internal citation omitted). While the Supreme Court rejected the notion that an attorney has an automatic duty to consult the defendant about an appeal in every case, id. at 479, it also "expect[s] that courts evaluating the reasonableness of counsel's performance . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal," id. at 481.

4

If an attorney fails to consult a defendant about an appeal where the circumstances require it, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. The defendant is not required to show that he had any meritorious appellate issues. Id. at 486.

### III. Analysis

In the § 2255 Motion, Crew claims that he wanted to appeal his sentence. See § 2255 Motion at 6. However, Crew contends that counsel gave ineffective assistance by failing to adequately consult him about an appeal after Crew reasonably demonstrated an interest in doing so. Id. at 4-5.

In a correspondence dated October 31, 2016, counsel wrote a letter to Crew stating in pertinent part:

> Re: United States v. Clive Augustus Crew
> Case No.: 3:16-cr-64-J-39MCR
>
> Dear Mr. Crew:
>
> Enclosed is a copy of the *Judgment* in your case that was filed on October 27, 2016. You have 14 days from the date the Judgment was filed to appeal your sentence. **If you choose to Appeal, please contact me before November 9th so a Notice of Appeal can be timely filed in your case.**
>
> If you choose **NOT** to appeal your case then all matters that were covered under the Order of Appointment of this office in your case are therefore completed. My ability to represent you under this Order has ended. I can no longer represent you without further order of the court and the file in your case will be closed.
>
> If you have any specific questions about the case which I have not previously discussed with you, please do not hesitate to contact me.
>
> I wish you the best of luck.
>
> Sincerely,
>
> Maurice C. Grant, II
> Assistant Federal Defender

Civ. Doc. 1-1 (Movant's Ex. 1).

Three days later, Crew replied to counsel in a letter dated November 3, 2016 (and stamped "received" November 7, 2016). Crew's letter read as follows:

> RECEIVED NOV 7 REC'D  EXHIBIT 2
> BY:_____
>
> Maurice C. Grant II          11-3-16
>
> - July 19, 2013  $200,000 (BD) trafficking cocaine & Firearm by a Felon → Detainer For immigration <same day>
> - Sept 15, 2015 convicted of trafficking cocaine & Firearm by a convicted Felon. recieved 3yrs
> - May 2, 2016 prosecution was accepted by the U.S. Attorney's office For the middle District of Florida
>
> Maurice C. Grant II
>
>      : Grounds For a sentence reduction
>         < P.S.I pg 5 # 8-12 >
>
> - On October 25, 2016 I was sentence to 48 mnths for 8 U.S.C § 1326 (A), 1326 (b)(2)
> - Judgement in a criminal case: case # 3:16-CR-64-J-39 MCR USM # 22684-018 states "Date offense concluded was October 2015"
> - sentenced in Federal court on October 25, 2016 to 48 mnths.
>
> - Since my immigration Detainer was placed on July 19, 2013 & my case was concluded October 22, 2015. Why? dont I get any of that time off my 48 mnths sentence.
> - The immigration Detainer prohibited me from bonding out July 19, 2013 on the $200,000 bond.
> - How could a prosecution be accepted by the U.S attorney's office For the middle District of Florida ; Then! when the detainer was placed July 19, 2013 and concluded october 22, 2015.

6

Civ. Doc. 1-2 (Movant's Ex. 2).

Counsel did not follow up on Crew's letter, nor did counsel file a notice of appeal. So, on February 27, 2017, Crew sent a follow-up letter inquiring about the status of his appeal and suggesting additional objections to his sentence. Civ. Doc. 1-3 (Movant's Ex. 3). At the end of the letter, Crew asked counsel to "[p]lease send a copy of all documents generated in or developed for my case since the Judgment of October 27, 2016, including the notice of appeal, sentencing transcript, briefs, etc." Id.

Counsel responded to Crew on March 17, 2017, stating in pertinent part:

> Dear Mr. Crew:
>
> I am in receipt of your letter dated February 27, 2016. Upon review of the letter, I was surprised of your reference to an appeal. An appeal was **not** filed in your case. I noticed your reference to a letter dated November 3, 2016 in which you say you requested an appeal. I located the letter and reviewed it in it's entirety. I have enclosed a copy of the letter.
>
> Your letter dated November 3, 2016 does not mention an appeal. Instead, your letter discusses your belief that you should receive credit for the time you have been in custody beginning with the date the immigration detainer was lodged. Even your reference to "Grounds for a sentence reduction" refers to portions of the presentence investigation report noting the history of your arrest and conviction on the state charge, leading to arrest on the federal charge.
>
> As I advised you on numerous occasions, the Federal Bureau of Prisons determines the credit an inmate receives for time served prior to the imposition of the sentence. The judge merely imposes the sentence. Additionally, each time you asked, I advised you that you would only receive credit from the time your state sentence expired, which was May 5, 2016, the date you came into federal custody.
>
> After reading your letter dated November 3, 2016, reviewing the file and recalling the various discussions we had about the issues of unfair prosecution and credit, I simply put the matter to rest. I did not perceive your letter as a request for an appeal. Rather, I considered the letter to be another attempt to get additional jail credit. Therefore, no action was taken to initiate an appeal.

Civ. Doc. 1-4 (Movant's Ex. 4).

Crew acknowledges that his letter of November 3, 2016 used "imprecise wording," § 2255 Motion at 6, but he contends that the letter "should have been adequate indication to counsel that Crew wanted an appeal," id. at 4-5. Crew argues that "[a]fter receiving Crew's letter on November 7, 2016, prudent counsel should have either filed a notice of appear [sic] or further consulted with Crew to avoid the potential for the denial of the right to appeal to a defendant who wanted to exercise it." Id. at 5.

The United States responds that counsel was not ineffective and that Crew is not entitled to an out of time appeal. First, the United States contends that counsel's letter of October 31, 2016 – in which counsel advised Crew he had 14 days from the entry of judgment to file a notice of appeal and to contact counsel if Crew wished to do so – constituted adequate consultation. Response to § 2255 Motion at 3. Second, the United States argues that Crew never specifically asked counsel to file a notice of appeal, and suggests that Crew's letter of November 3, 2016 did not reasonably express an interest in appealing. Id. at 3-4. Finally, the United States argues that even if counsel deficiently failed to consult with Crew about an appeal, Crew "could not show prejudice – that is, he could not establish that there is a reasonable probability that he would have timely appealed." Id. at 4. The United States argues that Crew would not have filed an appeal because each of his claims lacked merit. Id. at 4-8.

The Court agrees that Crew did not specifically request that counsel file a notice of appeal. Indeed, Crew seems to concede as much. See § 2255 Motion at 6. Thus, this was not the type of case where counsel disregarded a defendant's clear instruction to file

an appeal.[4] Nevertheless, this was the type of case where counsel had a duty to consult the defendant about an appeal and, based on the record, counsel did not do so.

According to Flores-Ortega, the first question to ask is whether counsel adequately consulted Crew about an appeal. See 528 U.S. at 478. The term "consult" has a specific meaning: "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (emphasis in original) (citing Frazer v. South Carolina, 430 F.3d 696, 711 (4th Cir. 2005)); see also Flores-Ortega, 528 U.S. at 478. The United States points to counsel's letter of October 31, 2016 (Movant's Ex. 1) as proof that counsel adequately consulted Crew about an appeal. Response to § 2255 Motion at 3. However, the letter merely advises Crew he has 14 days from the entry of judgment to file a notice of appeal, and to contact counsel if he wishes to do so. Movant's Ex. 1. The letter does not discuss the advantages or disadvantages of taking an appeal, nor does the letter advise Crew that he has the right to take an appeal. As such, the letter in and of itself does not satisfy the meaning of "consultation" as understood by Flores-Ortega and Thompson. Additionally, the United States does not suggest that counsel consulted Crew about an appeal at any other point before or after counsel's letter of October 31, 2016.[5]

---

[4] Conversely, no party asserts that Crew ever instructed counsel not to file an appeal. If Crew had instructed counsel not to file an appeal, counsel likely would have mentioned that in his reply letter of March 17, 2017. See Movant's Ex. 4.

[5] Counsel's reply letter of March 17, 2017 does reflect that counsel and Crew discussed certain legal issues, such as unfair prosecution and whether Crew was entitled to receive credit for time in custody pursuant to an immigration detainer, Movant's Ex. 4, but it does not reflect that Crew and counsel specifically discussed an appeal.

Indeed, in his reply letter of March 17, 2017, counsel acknowledges he did not consult Crew after receiving Crew's letter of November 3, 2016:

> After reading your letter dated November 3, 2016, reviewing the file and recalling the various discussions we had about the issues of unfair prosecution and credit, I simply put the matter to rest. I did not perceive your letter as a request for an appeal. Rather, I considered the letter to be another attempt to get additional jail credit. Therefore, no action was taken to initiate an appeal.

Movant's Ex. 4 at 1. Based on the record, the Court cannot say that counsel adequately consulted Crew about an appeal.

Thus "the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Flores-Ortega, 528 U.S. at 478. As noted above, counsel has a duty to consult the defendant about an appeal either (1) where a rational defendant would have wanted to appeal (for example, because there were non-frivolous grounds, or (2) where the defendant "reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. Whether a rational defendant in Crew's shoes would have wanted to appeal is a close question[6], but the Court need not resolve that issue because Crew does not claim that a rational defendant would have wanted to appeal. See § 2255 Motion at 5 ("Crew squarely fits into the second prong of Flores-Ortega, and thereby requires the … restoration of his right to timely appeal.") (emphasis added). Rather, Crew argues that he reasonably demonstrated to counsel an interest in filing an appeal. Id. In this regard, Crew is right.

---

[6] On the one hand, Crew pled guilty, which by itself reduced the scope of appealable issues and suggested Crew sought an end to judicial proceedings. Id. On the other hand, Crew did not enter into an appeal-waiver as part of his guilty plea, so he remained free to appeal his sentence (as well as the voluntariness of his plea and any jurisdictional errors).

A defendant need not say the magic word "appeal" to reasonably demonstrate to counsel an interest in pursuing an appeal. Palacios v. United States, 453 F. App'x 887, 889 (11th Cir. 2011). In Palacios, the Eleventh Circuit held that a defendant's expression of dissatisfaction with his sentence, coupled with an unspecific inquiry about how to proceed, was enough to trigger counsel's duty to consult. Id. After the district court announced the defendant's sentence in that case, the defendant asked counsel "'what's next? What can we do now? Something along those lines.'" Id. at 889. The attorney advised the defendant that "nothing could be done because he had waived his right to appeal his sentence and the district court had sentenced him within the guidelines range." Id. at 888. The defendant "was quiet, [and] . . . looked very crushed" in response to the attorney's answer. Id. at 889. The court determined not only that the attorney's advice did not constitute adequate consultation, id. at 888-89, but also that "Palacios's conduct reasonably demonstrated an interest in appealing, [which] triggered [counsel's] duty to consult with him about his appeal," id. at 889 (citing Thompson, 504 F.3d at 1208).

Likewise, Crew's letter of November 3, 2016 "reasonably demonstrated an interest in appealing, [which] triggered [counsel's] duty to consult with him about his appeal." Id. While it was not a model of clarity, Crew's letter to counsel showed he was dissatisfied with his sentence and he sought counsel's assistance. Movant's Ex. 2. Citing page 5 of the PSR, Crew suggested there were "Grounds for a sentence reduction." Id. Crew also asked counsel how the United States Attorney for the Middle District of Florida could have "accepted" prosecution in his case, suggesting that he thought the United States Attorney lacked the power to do so. Id. It is unclear whether there is any merit to the claims Crew

11

appears to be suggesting, but what is apparent is that Crew was unhappy and he believed there were errors in his conviction and sentence.

The context of Crew's letter of November 3, 2016 is equally important. Just a few days earlier, on October 31, 2016, counsel sent Crew a letter notifying Crew he had 14 days from the entry of judgment to file a notice of appeal, and advised Crew to contact counsel before November 9, 2016 if Crew wished to do so. See Movant's Ex. 1. Crew sent his letter on November 3, 2016 – within the timeframe specified by counsel if Crew wished to file a notice of appeal. The context of Crew's letter, coupled with Crew's apparent belief that there were "Grounds for a sentence reduction" and that the United States Attorney lacked authority to accept prosecution, was sufficient to demonstrate an interest in pursuing an appeal. Thus the Court finds, as the Supreme Court expected courts would in the "vast majority of cases," that counsel should have consulted Crew about an appeal. Flores-Ortega, 528 U.S. at 481.

The United States argues that even if counsel performed deficiently, Crew was not prejudiced because there is not a reasonable likelihood he would have appealed. Response to § 2255 Motion at 4-8. The United States recognizes that Crew is not required to show he has non-frivolous grounds for an appeal to demonstrate prejudice. Id. at 3 (citing Flores-Ortega, 528 U.S. at 481-82). However, the United States goes on to argue that Crew would not have filed an appeal because his claims would have lacked merit. Id. at 4-8. In other words, the United States bootstraps the purported lack of meritorious arguments to the issue of whether there is a reasonable likelihood Crew would have filed an appeal.

To repeat, however, Crew is under no obligation to demonstrate that there were non-frivolous grounds for an appeal. Flores-Ortega, 528 U.S. at 486 ("We similarly conclude here that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal.") (emphasis in original); see also Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) (where a defendant's lawyer failed to file a requested appeal, "the defendant is entitled to an out-of-time appeal, even without showing whether or not there are any viable grounds for such an appeal."). Crew need only show a reasonable likelihood that, had counsel consulted him, he would have sought an appeal. Crew has done so. First, Crew states in the § 2255 Motion itself that he was unhappy with his sentence and wanted to appeal the judgment. See § 2255 Motion at 4-6. Second, Crew's letter of November 3, 2016 – wherein he expressed dissatisfaction with his conviction and sentence – also suggests that Crew would have wanted to pursue an appeal. See Movant's Ex. 2. Finally, Crew's follow-up letter of February 27, 2017 in which he inquired about the status of an appeal, Movant's Ex. 3, reflects that Crew was diligently pursuing his rights, further reinforcing the conclusion that Crew would have sought an appeal. Mindful that Crew need only show a "reasonable probability" that he would have timely appealed, Flores-Ortega, 528 U.S. at 484, the Court concludes that Crew has demonstrated prejudice. Accordingly, Crew is entitled to an out-of-time appeal.

IV. **The Remedy**

Where a § 2255 movant has been denied the right to a direct appeal, the Eleventh Circuit "think[s] the best approach is to dismiss without prejudice or hold in abeyance the

13

resolution of remaining collateral claims pending the direct appeal." McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). Although a court could consider the remaining claims on the merits, such an approach might entail "significant inefficiencies." Id.

Thus, the procedure the Eleventh Circuit has developed for such situations is the following: the district court should (1) vacate the criminal judgment from which the movant seeks to appeal; (2) reimpose the same sentence; (3) upon reimposing the sentence, advise the petitioner of all the rights associated with an appeal from a criminal sentence; and (4) advise the petitioner of the time for filing a notice of appeal under Rule 4(b)(1)(A)(i), Federal Rules of Appellate Procedure. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Notably, a district court may carry out this procedure without convening a hearing. United States v. Parrish, 427 F.3d 1345, 1347-48 (11th Cir. 2005); United States v. Martin, 206 F. App'x 893, 897 n.3 (11th Cir. 2006).

In light of the foregoing, the Court intends to grant the § 2255 Motion to the extent that Crew may pursue an out-of-time appeal. The Court will deny the Motion to Amend without prejudice. Consistent with the procedures outlined in Phillips, McIver, and Parrish, it is hereby **ORDERED:**

1. Movant Clive Augustus Crew's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **GRANTED** to the extent that Crew may pursue an out-of-time appeal with the assistance of appointed counsel.

2. The Court **VACATES** the criminal judgment entered on October 27, 2016. (Crim. Doc. 33). The Court will enter an amended judgment shortly after entry of this Order. Crew's conviction and sentence remain unaffected.

3. The Court advises Crew that although he pled guilty, he may still have grounds for an appeal, about which this Court makes no judgment. Crew has the right to the assistance of counsel in pursuing any appeal. To that end, the Court appoints H. Kyle Fletcher to represent Crew in filing any appeal.

4. Crew will have **14 days** from the entry of the new criminal judgment to file a notice of appeal under Fed. R. App. P. 4(b)(1)(A)(i).

5. The Motion for Leave to Amend (Civ. Doc. 4) is **DENIED WITHOUT PREJUDICE**.

6. This Order shall constitute a final judgment in the civil action in favor of Crew. The Clerk shall close the civil file and term any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2019.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:

Counsel of record

Pro se petitioner